```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DONATO GABRIELE, ET AL.              :
                                     :
    Plaintiffs,                  :
                                     :
v.                                   :
                                     :   CASE NO. 3:06CV813(AWT)
FEDERAL INSURANCE COMPANY,           :
                                     :
    Defendant.                   :

## ORDER

Pending before the court are the plaintiffs' Motion for Protective Order and/or Objections to Defendant's Notice of Deposition and Subpoena Duces Tecum (doc. #44) and the Defendant's Motion for Leave to Submit Additional Material in Opposition to Motion for Protective Order (doc. #54).

The plaintiffs' motion is denied without prejudice for failure to comply with D. Conn. L. Civ. R. 37(a), which provides that any motion brought pursuant to Fed. R. Civ. P. 26 must include "an affidavit certifying that [counsel] has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement."[1] The defendants represent in their opposition that no such conversation ever took place between counsel.

In addition, the court notes that under well-settled law, a

---

[1] The plaintiffs' motion also lacks "a concise statement of the nature of the case" as required by D. Conn. L. Civ. R. 37(b)(1).

party resisting production bears the responsibility of establishing that a production request is unduly burdensome or overbroad. A party "cannot evade its discovery responsibility by simply intoning [the] familiar litany that the interrogatories [or requests for production] are burdensome, oppressive or overly broad. . . . The burden is on the party resisting discovery to explain its objections and to provide support therefore." Shannon v. New York City Transit Authority, No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001).

Finally, to the extent that the plaintiffs claim that any responsive document is protected by an attorney-client or other privilege, they are required to produce a privilege log to the defendants in compliance with D. Conn. L. Civ. R. 26(e). According to the defendants, no such privilege log has been produced. If the plaintiffs claim privilege as to any responsive document, they shall produce their privilege log to opposing counsel on or before **February 15, 2008.**

The defendant's motion for leave to supplement its objection (doc. #54) is denied as moot in light of this ruling.

SO ORDERED at Hartford, Connecticut this 31st day of January, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge